UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

CARLOS CUESTA and FABIOLA MUNOZ,

    Plaintiffs,
v.

INVESTOPS LLC,

    Defendant.
_____/

**COMPLAINT**

Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue INVESTOPS LLC (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age,

residing in Miami-Dade County, Florida, and is otherwise *sui juris.*

6. At all times material, Defendant, INVESTOPS LLC, owned and operated a retail shopping center at 5125 Chambers Road, Denver, Colorado (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Denver, Colorado.

7. At all times material, Defendant, INVESTOPS LLC., was and is a Foreign Limited Liability Company, organized under the laws of the State of California, with its principal place of business in Carlsbad, California.

8. Venue is properly located in the District of Colorado because Defendant's Commercial Property and place of public accommodation is located in Denver, Colorado, Defendant regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

9. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization, discussed in more detail below.

13. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that caused loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

14. Defendant, INVESTOPS LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of the Action.

15. The subject Commercial Property is open to the public and is located in Lakewood, Colorado. The individual Plaintiffs visit the Commercial Property regularly, to include a visit to the property on or about September 2, 2021 when meeting with in the area with other members of ACCESS 4 ALL INCORPORATED with at least one other

group member, where they encountered multiple violations of the ADA that directly affected their ability to use and enjoy the property. They plan to return to the Commercial Property and the business located within the Commercial Property, in order to avail themselves of the goods and services offered to the public at the business therein, when they return to Denver for more ACCESS 4 ALL INCORPORATED business and meetings and especially if the property/business become accessible.

16. Plaintiffs visited the Commercial Property as patrons/customers, visit the Commercial Property and business within the Commercial Property as a patron/customer. They attended a quarterly meeting for member of the ACCESS 4 ALL INCORPORATED organization, as a member. They intend to return to the Commercial Property and business therein in order to avail themselves of the goods and services offered to the public at the property.  Plaintiffs spend much of their time in and near Denver, Colorado, in the same state as the Commercial Property, have regularly frequented the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intend to return to the property within three (3) months' time of the filing of the Complaint as they regularly conduct business in Colorado involving ACCESS 4 ALL INCORPORATED, more specifically in January and February 2022 in order to prepare for and attend the next ACCESS 4 ALL INCORPORATED organization meetings in the area.

17. The Plaintiffs found the Commercial Property to be rife with ADA violations.  The Plaintiffs encountered architectural barriers at the Commercial Property and wishes to continue their patronage and use of the premises.

18. The Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, has

encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered their safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, and others similarly situated.

19. Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, have also been discriminated against because of the Title III ADA violations on the Defendant's place of public accommodation.

20. Defendant, INVESTOPS LLC, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and operates is the Commercial Property business located at 5125 Chambers Road, Colorado.

21. Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of the Complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and businesses located therein, not only

to avail themselves of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS

22. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, INVESTOPS LLC, has discriminated against the individual Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

24. Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiffs encountered during their visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking
i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of > 6% (>2%) endangering Carlos Cuesta and Fabiola Munoz when unloading and violating the ADAAG and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Carlos Cuesta and Fabiola Munoz to access the Commercial Property which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes have changes in level of > 1" creating hazardous conditions for Carlos Cuesta and Fabiola Munoz violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Ramps lack compliant landings at top and bottom of each run endangering Carlos Cuesta and Fabiola Munoz and violating the ADAAG and ADAS Section 405.

iv. The entrance threshold at Wingstop is > 1", impeding Carlos Cuesta in violation of ADAAG Sections 4.5.2 and 4.13. and Section 404 of the 2010 ADAS.

v. Doors have inadequate maneuvering clearance of preventing use by Carlos Cuesta violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Counters within Wingstop are, in excess of 36", preventing Carlos Cuesta from using, in violation of Section 7.2(1) of the ADAAG.

ii. Tables within Wingstop's knee and toe space is high and deep preventing use by Carlos Cuesta.

iii. Self-service condiment items within Wingstop are, inaccessible to Carlos Cuesta, violating 2010 ADAS Section 308.

D. <u>Restrooms within Wingstop</u>

i. Carlos Cuesta unable to use Mirror due to bottom-reflecting surface > 47", violating the ADAAG and 2010 ADAS.

ii. Grab bars Improper Size and Location do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Carlos Cuesta.

iii. Mounted items above grab bar, prevent use by Carlos Cuesta, violating the ADAAG and 2010 ADAS.

iv. Toilet flush valve not mounted on wide side, denying access to Carlos Cuesta, violating the ADAAG and 2010 ADAS Sec. 604.

## **RELIEF SOUGHT AND THE BASIS**

25. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiffs request an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

26. The individual Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendant because of the

Defendant's ADA violations as set forth above.  The individual Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27.     Defendant has discriminated against the individual Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28.     Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.  Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.     A Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

31. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, CARLOS CUESTA and FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by

individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 23, 2021.

      **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiffs*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:   */s/ Anthony J. Perez*
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713